(4 Misc. Rep. 384.)

SCHULZ v. ROHE et al.

(Superior Court of New York City, General Term. July 3, 1893.)

INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

In an action for personal injuries to a servant, caused by a defective machine, it appeared that the machine was known by all to be defective, and that the foreman ordered the engineer to fix it on the following Sunday. Plaintiff worked on the machine all the Monday following, when it appeared to be in good order. The accident happened on the next day. Plaintiff's regular occupation at the machine was not a dangerous one, but on the day of the accident he was ordered to take the place of a man who was absent, and while so engaged he was injured. Plaintiff testified that he thought the machine had been repaired. *Held*, that it was error to dismiss the complaint on the ground of contributory negligence, as plaintiff had a right to assume that the machine had been repaired on Sunday.

Appeal from jury term.

Action by Henry Schulz against Charles Rohe and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Shaw & Fisk, (James M. Fisk, of counsel,) for appellant.

Deyo, Duer, & Bauerdorf, (Robert E. Deyo, of counsel,) for respondents.

GILDERSLEEVE, J. This action was brought to recover for personal injuries received by plaintiff while working in the employment of defendants on a defective machine supplied by defendants. The complaint was dismissed at the close of the plaintiff's testimony on the ground of contributory negligence. The machine in question was used in stuffing sausages, and was operated by steam power. It required the services of four men; two, called "fillers," to fill the cylinders with chopped meat, and two, called "linkers," to assist in filling the skins and removing. The defect in the machine was hidden, and its exact nature unknown. By reason of the imperfect working of the steam valve, due to some cause which was not apparent, the machine would start suddenly, and, without warning, push the piston head into the meat cylinder, where the fillers were sometimes obliged to put their hands; and the fillers were, by reason of the defective condition of the machine, exposed to the danger of having their fingers crushed. The plaintiff's regular employment was that of linker,—a position of no danger, even while the defect in the machine existed. The plaintiff had orders,

however, to take the place of a filler, when one of the regular fillers was absent. It was in such an emergency, while the plaintiff was temporarily discharging the duties of a filler, that the accident occurred. While the plaintiff was filling the cylinder with meat, with his hand inside, arranging the meat, as he was required to do, the machine started, without warning, and the piston head caught the plaintiff's hand in the cylinder before he could withdraw it, cutting off the fingers of the left hand, and pulling out the nerves and muscles therefrom up to the elbow. On the Thursday or Friday next before the accident, which happened about 5 o'clock P. M. on Tuesday, the defect was known to all; and the foreman, in the hearing of plaintiff, told the engineer "to fix the machine on Sunday, because he cannot fix it the working days,—it is so hot;" and plaintiff heard the engineer say that he would repair it on the Sunday named. The plaintiff worked on the machine all the Monday following the Thursday or Friday on which the instructions to repair the machine were given, as aforesaid, and up to about 5 o'clock the next day, (Tuesday,) during which time the machine seemed to work all right. During these two days the plaintiff worked in his capacity of linker, but about 5 o'clock on Tuesday afternoon one of the fillers went away, and the plaintiff was ordered to take his place, and he had not filled the cylinder many times when the accident occurred.

Inasmuch as the complaint was dismissed upon the plaintiff's case alone, all the evidence of the plaintiff and his witness must be considered as true, and the inference most favorable to plaintiff must be drawn from the testimony. Flynn v. Harlow, (Super. N. Y.) 19 N. Y. Supp. 705. The court below dismissed the complaint on the ground that the plaintiff was guilty of contributory negligence, for the reason that he worked on the machine after he knew it was out of order. But the plaintiff swears that he thought the machinery had been fixed, and the inference to be drawn from the testimony indicates that he had reason so to think, inasmuch as he heard the foreman direct the engineer to fix it on the Sunday following the day on which the defect was discovered, and he had afterwards heard the engineer say that he would fix it on the Sunday named, and on the Monday following the said Sunday the machine seemed to work all right. Aside from the plaintiff's uncontradicted testimony, it is a fair inference to be drawn from the testimony that plaintiff believed the machine had been mended; and, as we have said, the inference most favorable to plaintiff must be accepted. Furthermore, the plaintiff had a right to assume that the defendants had done their duty. To be sure, it may be urged that there is no positive testimony that the machinery was not properly repaired on the Sunday; but it is hardly possible to draw an inference from the evidence that the machine was properly repaired on the Sunday, and that, with no fault of the defendants, it broke again on Tuesday, so that it was a risk incident to the business which plaintiff assumed on entering into the employment. The more reasonable inference is that, if repaired, it was not properly repaired, or it

would not have again got out of order on Tuesday. We cannot agree with the contention that the plaintiff neglected a duty in not ascertaining whether the repairs had in fact been made, either by an examination of the machine, or by inquiries from those who would know, when he was required, on the afternoon of Tuesday, to assume the work of a filler. He was suddenly called to this part of the work, and was temporarily discharging the duties of a filler, in the absence of the employe who regularly did this work; and plaintiff's own regular employment—that of linker—involved him in no danger, although the machine was defective, and worked improperly. The plaintiff had a right to expect a sound and properly working machine, and it was defendants' duty to see that the machine was kept in a sound and proper condition. Plaintiff had a right to presume that the defendants, knowing of the defective condition of the machine, would adopt those precautions required of them, for it is well settled that reasonable care on the part of the servant in the performance of his work presupposes the performance by the master of his duty to do all that reasonably lies within his power to protect the servant while so engaged. McGovern v. Railroad Co., 123 N. Y. 288, 25 N. E. Rep. 373. We are of opinion, therefore, that the question of plaintiff's contributory negligence should have been left to the jury. It cannot be claimed that the accident was the result of one of those dangers incident to the business, which plaintiff assumed, for those dangers which are known, and can be mitigated or avoided by the exercise of reasonable care and precaution on the part of the master, are not incident to the business, and it is the duty of the master to protect his servants therefrom in all cases in which it may be done by reasonable care; and when the master directs the performance of his work by his servant, at a place which may become dangerous, and such danger may be foreseen and guarded against by the exercise of reasonable care, it is the master's duty to exercise such precautions as will protect the servant from avoidable danger. This is the master's duty; and however he may choose to exercise it, whether through the supervision of a superintendent, or some one of a lower grade of employment, it still continues the master's duty, and not until he shows that it has been properly performed can he claim exemption from liability for injuries occasioned by its nonperformance. McGovern v. Railroad Co., 123 N. Y. 287, 288, 25 N. E. Rep. 373.

It cannot be maintained that the complaint was properly dismissed for the reason that the accident was caused by the negligence of a fellow servant, i. e. the foreman or engineer, and that, therefore, the defendants are not liable. The inference to be drawn from the testimony is that the foreman was the representative of defendants, and orders given by him were equivalent to orders issued by defendants themselves, and that defendants were chargeable with knowledge of the defective condition of the machinery, inasmuch as their foreman was not only aware of it, but issued orders to have it remedied. McGarry v. Railroad Co., (Super. N. Y.) 18 N. Y. Supp. 195; McGovern v. Railroad Co., 123 N. Y 289, 25 N E.

Rep. 373. In fact, the plaintiff swears that "everybody knew it," i. e. the defective state of the machine. A master owes the duty to his servant of furnishing adequate and suitable tools and imple- ments for his use, a safe and proper place in which to prosecute his work, and, when they are needed, the employment of skillful and competent workmen to direct his labor, and assist in the performance of his work. None of these duties can be delegated by the master to a servant of any grade, so as to exonerate the master from responsibility to another servant, who has been injured by its nonperformance. His neglect to adopt all reasonable means and precautions to provide for the safety of the employes constitutes an omission of duty on the part of the master, rendering him liable for an injury to an employe resulting therefrom. Pantzar v. Mining Co., 99 N. Y. 368, 2 N. E. Rep. 24. It is not until the master shows that he has properly performed this duty that he can claim exemption from liability for injuries charged to have been occasioned by its nonperformance. However the master may choose to exercise this duty,—whether through the supervision of a superintendent or foreman, or some one of lower grade of employment,— it still continues the master's duty. McGovern v. Railroad Co., supra. The defendants cannot shift the responsibility onto the shoulders of their foreman or engineer.

We are of opinion that the learned court below erred in dismissing the complaint, and that the question of plaintiff's contributory negligence should have been submitted to the jury. The judgment appealed from is reversed, and a new trial granted, with costs to appellant to abide the event.